No. 2076.—LOUIS FAVROT v. MARTIN METTLER et als.

The lessee cannot make repairs on the premises leased at the expense of the lessor without first putting him in default.

APPEAL from the Fifth District Court, parish of East Baton Rouge. *Posey,* J.   *Favrot & Lamon,* for plaintiff and appellant, *Fuqua & Callahan,* for defendants and appellees.

LUDELING, C. J.   The plaintiff leased to the defendant his house, situated in Baton Rouge, for the period of three years, at an annual rent of one thousand and eighty dollars, payable in equal installments, on the first day of each month.

The contract is in writing.   It simply stipulates that Favrot lets the premises for the price and term above stated, and that the lessee binds himself to pay the price and to take good care of the property.

The defendants made repairs on the premises, and when the plaintiff demanded payment of the rent at the beginning of the fourth month of the lease the defendants presented accounts paid by them for repairs, which they had caused to be made on the premises, some of which were rejected by the plaintiff, and defendants refused to pay the rent. Thereupon the plaintiff instituted this suit to recover of defendants one hundred and sixty-seven dollars for rent due, and one thousand dollars damages caused by the failure of defendants to comply with the terms of the lease.

The items rejected by the plaintiff in defendants' account pleaded in reconvention to plaintiff's demand, are $46 for painting and $150 for plastering.

The first question to be decided is, can the lessee make repairs on the premises leased, and charge the lessor for them, without having requested him to make the repairs?

Article 2664 of the Civil Code says :   "If the lessor do not make the necessary repairs in the manner required in the preceding article, *the lessee may call on him* to do it.   *If he refuse or neglect to make them* the lessee may himself cause them to be made, and deduct the price from the rent due *on proving that the repairs were indispensable,* and that the price which he has paid was just and reasonable."

"The owner of houses would soon be ruined, if it were permitted to every tenant to make such repairs as his fancy or caprice might dictate, without notifying the owner of the property of the intention."   8 R. 171; 5 An. 713; 5 An. 628.

Louis Favrot v. Martin Mettler et als.

The question is well settled that the lessee cannot make repairs at the lessor's expense without first putting the landlord in default.

There is no proof that the lessee ever called on the lessor to make the repairs, the price of which is claimed of him. Hence the lessor is not bound for the price of the repairs.

It appears, however, from the statements and admissions of the plaintiff that he gave defendants credit for the price of the repairs, for which he thought he was responsible, and he sued for the balance of the rent due. In his brief the plaintiff further consents that the item for thirty dollars for glazing should be deducted from the rents.

We do not think there is any ground for allowing the damage claimed.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of the plaintiff against the defendants in solido for the sum of one hundred and thirty-five dollars, with the lessor's privilege upon the furniture, fixtures and other property provisionally seized in this case on the leased premises, and that the same be sold to satisfy this judgment. It is further ordered that the defendants pay the costs of both courts.